[No. 9,252. Department Two.—February 26, 1884.]

## GEORGE F. KELLEY, APPELLANT, v. H. J. FITZELL, RESPONDENT.

EVIDENCE—APPEAL—IMMATERIAL ERROR.—A judgment will not be reversed for an erroneous refusal to admit evidence, when it clearly appears that the appellant could not have been prejudiced by its exclusion.

APPEAL from a judgment of the Superior Court of the county of Lassen, and from an order refusing a new trial.

The facts appear in the opinion of the court.

*C. G. Kelley,* for Appellant.

*C. McClaskey*, for Respondent.

SHARPSTEIN, J.—The plaintiff gave to the defendant an agreement in writing, of which the following is a copy: "I hereby agree that H. G. Fitzell may take a fourth or fifth interest in the ditch right he has this day conveyed to me, by being at his proportion of the expense on said ditch, down to, and through his lands. June 28, 1880.        G. F. KELLEY."

On behalf of plaintiff, it is contended that this was simply a proposition which respondent never accepted. But the evidence on this point is conflicting. That introduced by respondent tended to prove that he did accept it, and aided in the construction of the ditch. Under these circumstances we cannot disturb the finding of the court below on that question.

On the trial the wife of plaintiff was called by him as a witness and asked to state a conversation between her husband and defendant—to state all of the conversation. Defendant's counsel objected to her stating what plaintiff said, as not the best evidence. The court sustained the objection, and plaintiff excepted. The court then told the witness to state only what respondent said to plaintiff, whereupon the witness said: "I heard the defendant (Mr. Fitzell) tell Mr. Kelley (plaintiff) that he would not take any interest in the ditch; that he had not got the money to pay out on it; but that he would work on the ditch for Mr. Kelley (plaintiff) and take his pay in water; that was about the middle of October, '80." While we do not doubt that the court erred in sustaining the above-mentioned objection, we cannot see how the plaintiff could be prejudiced by it. His witness testified to a declaration or avowal of defendant that he would not take any interest in the ditch, and that was all plaintiff was trying to prove. Nothing which the plaintiff could have said at the time would add any force or weight to this evidence. The declaration or avowal of defendant, as testified to, was clear and explicit. It could not be made more so by anything which the plaintiff could have said.

Judgment and order affirmed.

MYRICK, J., and THORNTON, J., concurred.